# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRETT A. OWEN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:19CV00316 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNKNOWN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Brett A. Owen, Pro Se Petitioner.*

The petitioner, Brett A. Owen, an inmate in the Eastern Correctional Institute, located at in Westover, Maryland, filed this action, pro se, as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Owen's petition states that he is currently serving a term of imprisonment imposed by the Worcester County Circuit Court, located in Maryland. Upon review of the record, I conclude that Owen's petition must be summarily dismissed.

A petition under § 2241 is a statutory remedy that a person in custody may utilize to challenge the execution of a *federal* criminal sentence, or in limited circumstances, the constitutionality of his confinement under a *federal* conviction and/or sentence. Moreover, a § 2241 petition must be brought in the district court with jurisdiction over the petitioner's custodian, who is usually the warden of the prison facility where the petitioner is incarcerated. *In re Jones*, 226 F.3d 328, 332

(4th Cir. 2000). Owen is confined in Maryland. Thus, I have no jurisdiction over the warden in Maryland who is Owen's current custodian. Therefore, I also have no jurisdiction to address claims Owen may have under § 2241.

I also cannot find that the interests of justice warrant transfer of the petition to the appropriate federal court in Maryland. *See* 28 U.S.C. § 1406(a). Owen's petition states claim for relief. Indeed, that section of the § 2241 petition form is completely blank. Accordingly, I will summarily dismiss the petition for lack of jurisdiction, without prejudice to Owen's submission of an adequate § 2241 petition in the appropriate court.[1]

A separate Final Order will be entered herewith.

DATED: April 22, 2019

/s/ James P. Jones
United States District Judge

---

[1] Because Owens' petition does not make any statement of his claims, I am unable to determine if they could be raised in a § 2241 petition or would more appropriately be addressed using another remedy, such as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (habeas corpus remedy for a person challenging validity of his confinement under a state court judgment). A § 2254 petition must be filed in the federal district court where the state court of conviction is located — which for Owen would be the United States District Court for the District of Maryland. *See* 28 U.S.C. § 2241(a).